C. P. DEWEY *et al.* v. JOHN M. BURTON.

No. 26.

1. FINDINGS *not Disturbed.* Findings of fact made by a trial court, upon conflicting evidence, will not be disturbed in an appellate court when there is competent evidence sustaining them.

2. ACCOUNT—*Pleading and Practice.* The correctness of the plaintiff's account is not admitted by the defendant's failure to deny it under oath, when the petition contains no allegation of its correctness, notwithstanding a verified account may be attached to the petition.

MEMORANDUM.—Error from Rawlins district court; G. WEBB BERTRAM, judge. Action by C. P. Dewey

and A. B. Dewey, partners as C. P. & A. B. Dewey, against John M. Burton to recover certain alleged interest·moneys collected and not remitted. Judgment for defendant. Plaintiffs bring the case to this court. Affirmed. The opinion herein, filed October 9, 1896, states the material facts.

*S. W. McElroy*, for plaintiffs in error.

*A. H. Ellis*, and *F. T. Burnham*, for defendant in error.

The opinion of the court was delivered by

GARVER, J.: The plaintiffs in error commenced this action in the district court of Rawlins county, alleging that the defendant was indebted to them for certain interest moneys collected by the defendant on certain mortgage loans in said county belonging to the plaintiffs and not remitted. In his answer, the defendant admitted the collection of the sum claimed, and alleged that the same was fully accounted for and settled by the payment to plaintiffs by the defendant of certain moneys which he had advanced to them in connection with certain other interest coupons which were in his hands for collection. Upon the trial, the principal contention between the parties was as to the right of the defendant to have credit, as against the plaintiffs, for the several sums which he advanced to them on uncollected interest coupons.

The defendant was a banker doing business at Atwood, Rawlins county, and made the advancements, as claimed by him, under the mistaken belief that it was the understanding and arrangement that such advancements were to be made on interest coupons in his hands for collection when they were not promptly paid at maturity by the makers. The plaintiffs con-

tended that there was no such understanding or agreement; that the moneys so paid were received by them without any notice or information that they had not been paid by the makers of the several interest coupons in the hands of the defendant, and that, being voluntarily made by the defendant, he had no legal right to claim credit therefor or to recover back the same from the plaintiffs. The defendant offered evidence tending to show that, after the misunderstanding had arisen between him and the plaintiffs, an arrangement was made between them according to which the defendant was to be reimbursed for his advancements; and that, pursuant to such arrangement, the defendant surrendered to the plaintiffs, or to their attorneys, the several interest coupons remaining unpaid in his hands upon which he had advanced the interest; that some of such coupons were afterward included in suits of foreclosure brought by plaintiffs upon the real-estate mortgages in connection with which the coupons were executed, and judgments obtained thereon in favor of the plaintiffs; also, that in some cases the plaintiffs took title to the mortgaged lands by voluntary conveyances from the mortgagors. The case was tried by the court without a jury, and a general finding made in favor of the defendant, no special findings being requested or made.

The plaintiffs in error contend that the finding of the court is not sustained by the evidence, and claim that there is no proof on behalf of the defendant showing that any advancements were made under a mistake of fact, or that there was any understanding or agreement on the part of the plaintiffs to reimburse him therefor. There is much force in this contention, and we might be inclined to agree therewith were it presented to us as a trial court authorized to weigh the

evidence and to pass upon disputed questions of fact. But this is not a case of an entire want of evidence to sustain the finding of the court. It is a case of conflicting evidence, in which the various facts and circumstances surrounding the several transactions of the parties must be considered. The trial court had better opportunities of making correct deductions and conclusions from the evidence than are afforded to us as an appellate court. Under the well-settled rules of practice in this state, the judgment cannot be reversed on this ground alone.

It is further claimed that the court erred in overruling the objection of the plaintiffs to the introduction of testimony by the defendant. This objection is based on the ground that the answer of the defendant was not verified. The correctness of the plaintiffs' account against the defendant for moneys collected was not disputed. The only issue presented for trial, and the only one upon which the decision of the court was based, was raised by the answer of the defendant. This needed no verification. But even though the defendant had sought to dispute the correctness of plaintiff's account, we think he could do so under an unverified general denial. The plaintiffs set out their account in detail in their petition, and attached thereto an affidavit of their attorney that the statements therein contained were true, as he verily believed. But the petition itself contained no allegation of the correctness of the account. The correctness of the plaintiffs' account is not admitted by the defendant's failure to deny it under oath, when the petition contains no allegation of its correctness.

Failing to find any reversible error in the record, the judgment is affirmed.

All the Judges concurring.